CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 21 2008
JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 5:05cr00015-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| NORWOOD BARBER. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Norwood Barber filed this 28 U.S.C. § 2255 motion challenging his conviction and life sentence for conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846. He also alleges that he is entitled to a reduced sentence under 18 U.S.C. § 3582(c). The court finds that his challenges to his conviction and sentence have either already been addressed by the Court of Appeals for the Fourth Circuit or are procedurally defaulted and, therefore, dismisses them. Further the court severs his §3582(c) claim and will resolves it by separate order.

I.

A grand jury in the Western District of Virginia returned an indictment against Barber alleging that he conspired to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. A jury found him guilty and specifically determined that the government had proved beyond a reasonable doubt that it was reasonably foreseeable to Barber that the conspiracy involved 50 grams or more of cocaine base. Based on his two prior felony drug convictions, the court sentenced Barber to a mandatory life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A). Barber appealed to the United States Court of Appeals for the Fourth Circuit, and that court affirmed. See United States v. Barber, 226 F. App'x 255 (4th Cir. 2007).

1

Barber filed the instant motion to vacate, set aside, or correct sentence, pursuant to § 2255, claiming that (1) the court unlawfully sentenced him to life imprisonment; (2) he was denied the right to be tried by a jury on the issue of a mandatory life sentence; (3) his right to due process was violated because the indictment alleged a conspiracy to distribute cocaine base or crack cocaine, while the jury's verdict was for cocaine base only; (4) the evidence of the drug weight presented at trial was insufficient to support the jury verdict; (5) the testimonial evidence presented at trial was insufficient to support the jury verdict; (6) witnesses were not sequestered, were allowed to communicate with each other, and were instructed as to how to testify; (7) a witness falsely testified at trial that two telephones were owned by Barber and the United States failed to disclose exculpatory evidence of the telephone ownership to Barber; (8) he was eligible for, but not given the benefit of the safety valve provision; and (9) he is entitled to a reduced sentence under 18 U.S.C. § 3582(c), U.S.S.G. §§ 1B1.10 and 5G1.1(b).[1]

**II.**

Barber alleges that his life sentence is unlawful because it was determined by the court and not a jury (claims 1 and 2); and that the evidence at trial did not support the jury's verdict (claims 3 and 4). However, Barber raised these same claims on direct appeal, and the Court of Appeals rejected them. Barber cannot relitigate these claims in a § 2255 proceeding.

When a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot later relitigate that claim in a § 2255 proceeding. Withrow v. Williams, 507 U.S. 680, 720-21 (1993); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

---

[1] The court notes that in his response to the government's motion to dismiss, Barber attempts to amend his petition to include a claim of ineffective assistance of counsel; however, he does not provide any facts in support of his claim and further, his amendment would be untimely. Accordingly, the court will not allow Barber to amend his petition at this time.

2

On direct appeal to the Fourth Circuit, Barber alleged, among other things, that the evidence was insufficient to convict him and that the district court erred in imposing a mandatory life sentence. The Court of Appeals found each of these arguments to be without merit, concluded that "the evidence supporting the jury's verdict was strong," and that the life sentence was mandatory pursuant to 18 U.S.C. § 841(b)(1)(A). United States v. Barber, 226 F. App'x 255, 257-258 (4th Cir. 2007) Accordingly, this court dismisses claims 1, 2, 4, and 5.

## III.

Barber also alleges that he was denied due process because the indictment alleged "cocaine base or crack cocaine, and the jury's verdict was for cocaine base only" (claim 3); that his conviction is unlawful because the witnesses for the government were not sequestered, were allowed to speak with each other, and "were instructed by a government witness/agent of what to say" (claim 6); and that a government witness police officer incorrectly testified that two telephones were owned by Barber and that the United States failed to produce exculpatory evidence regarding the telephone's ownership (claim 7). However, Barber procedurally defaulted these claims and has presented nothing to excuse his default.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim, [2] Bousely, 523 U.S. at 622; United

---

[2] To establish cause, Barber must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Barber must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial

3

States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) or demonstrates that he is actually innocent, Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley, 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518 (U.S. 2006) (internal quotation marks omitted).

In this case, Barber does not allege cause to excuse his default; however, he does allege actual innocence. In support of his argument of actual innocence, Barber asserts that "[t]he evidence was insufficient to support the offense charged because. . . petitioner was a victim of government malfeasance due to his mere presence or association to the government witness who invidiously sought sentencing amnesty based upon unconstitutional draconian court snitch program gone out of control without official oversight that defied the rule of evidence because the government is promoting suborn [sic] perjury." The court finds that these allegations do not demonstrate factual innocence, and thus, are insufficient to support the application of the actual innocence exception to Barber's procedural default. Accordingly, the court finds that Barber procedurally defaulted claims 3, 6, and 7 and, therefore, dismisses them.

### IV.

Barber alleges that he was entitled to the benefit of the safety valve provision (claim 8) and to

---

with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting United States v. Frady, 456 U.S. 152, 170 (1972)).

4

receive a reduced sentence under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and U.S.S.G. § 5G1.1(b) (claim 9). The court dismisses the first of these two claims because it lacks merit and severs the second to resolve it separately pursuant to §3582(c), because it is not appropriately considered in a §2255 proceeding.

Barber's claim that he is entitled to the benefit of the "safety valve," pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, is frivolous.[3] In order to receive the benefit of the "safety valve," a defendant must satisfy five requirements: (1) he must have no more than one criminal history point; (2) he must not have used violence or credible threats of violence or possess a firearm or other dangerous weapon; (3) the offense must not have resulted in death or serious bodily injury to any person; (4) he must not have been an organizer, manager, or supervisor; and (5) not later than the time of the sentencing hearing, he must have truthfully provided all information and evidence to the government. At a minimum, Barber failed to satisfy the first of these five requirements because he had more than one criminal history point as result of his two prior felony drug convictions. Therefore, the court dismisses claim 8.

Inasmuch as Barber's claim that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c), U.S.S.G. §§ 1B1.10 and 5G1.1(b) (claim 9) is not properly considered under § 2255, the court severs it and resolves it by separate order.

## V.

For the reasons stated herein, the court severs claim 9 seeking a sentence reduction and dismisses

---

[3] The court notes that this claim may also be defaulted because Barber did not raise it on direct appeal; however, the government does not raise this affirmative defense, and therefore, the court will consider the merits of Barber's claim.

5

Barber's remaining claims.[4]

**ENTER**: This November 21, 2008.

/s/ _____
United States District Judge

---

[4] The court denies Barber's motion to appoint counsel because it finds that counsel is not essential to the effective presentation of the issues

6