CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
SEP 1 0 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 5:05cr00015-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| NORWOOD WALLACE BARBER | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Norwood Wallace Barber, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 2005 judgment and conviction. Upon review of the record, the court finds that the § 2255 action must be dismissed as an unauthorized successive § 2255 motion.[1]

---

[1] To the extent Barber seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure based on the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), his claim fails. The court dismissed Barber's first § 2255 motion on the basis that one of his claims lacked merit, some of his claims had already been decided by the Court of Appeals, and some of his claims were procedurally defaulted. Barber argues that the Supreme Court's decision Martinez announced a new rule of law which would afford him relief under Rule 60(b). Specifically, Barber argues that he did not receive the assistance of counsel during his post-conviction proceeding and, therefore, "a fundamental defect" has occurred and he was "denied any meaningful access to the courts." Barber apparently believes that he, as a *pro se* litigant, was "entitled" to constitutionally effective assistance of counsel in his § 2255 habeas proceeding to "cure any defects in his pleadings." Barber states that if he had the effective assistance of counsel in his habeas proceeding, it is likely that his claims would have succeeded and that without the effective assistance of counsel, the court's memorandum opinion and order in his first § 2255 motion are "void."

    Prior to Martinez, Coleman v. Thompson, 501 U.S. 772 (1991), held that an attorney's ignorance or inadvertence in a post-conviction proceeding did not qualify as cause to excuse a procedural default. Martinez carved out a narrow exception to Coleman and held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. 1320. The Court specifically characterized its decision as an "equitable ruling," and not a constitutional ruling. Id. at 1319.

    Contrary to Barber's assertions, Martinez does not entitle him to the assistance of counsel in his post-conviction habeas proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985) ("[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding."); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir.1993). A petitioner may request appointment of counsel to represent him in his § 2255 proceeding; however, such appointment is within the court's discretion. See 18 U.S.C. § 3006A(a)(2)(B). Under such circumstances, counsel shall be appointed upon request of a financially indigent defendant if the court determines that "the interests of justice so requires." Id. If, however, the court determines that an evidentiary hearing is necessary, it must appoint counsel. R. Governing Section 2255 Proceedings for the U.S. Dist. Ct. 8(c). In this case, Barber did not request appointment of counsel and the court did not determine that an evidentiary hearing was necessary. The court finds that Barber was not entitled

## I.

Barber challenges his life sentence for conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. Court records indicate that Barber previously filed a § 2255 motion regarding the same conviction and sentence which this court denied. See Docket Nos. 101, 116 and 117; see also Docket Nos. 132 and 133 (dismissing a second § 2255 motion as successive). This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.[2] See § 2255(h). As Barber has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss his petition as successive.[3]

## II.

For the reasons stated, the court dismisses Barber's motion as an unauthorized successive § 2255 motion.

**ENTER**: September 10, 2012.

UNITED STATES DISTRICT JUDGE

---

to the appointment of counsel to assist him in his § 2255 proceeding, and the fact that he did not have counsel does not render the court's decision void. Barber has not demonstrated that Martinez in any way operates to provide him relief under Rule 60(b). Accordingly, the court denies Barber's request for relief under Rule 60(b).

[2] To the extent Barber argues that his petition is not successive under Martinez, his claim fails. As the Fifth Circuit noted in Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012), Martinez does not provide a basis for authorization under § 2244(b)(2)(A), as the court's decision [in Martinez] was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'" Moreover, even if it had, Barber would nevertheless still have to obtain approval from the Court of Appeals for the Fourth Circuit. See § 2255(h).

[3] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.